UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| NICHOLAS WYATT and JUSTIN WYATT, <br><br> Plaintiffs, <br><br> v. <br><br> HARVEY BRET SUMMERS, Personal Representative of the Estate of Danny J. Summers, deceased; and THE ESTATE OF DANNY J. SUMMERS, <br><br> Defendants. | Case No. 4:13-cv-00099-BLW <br><br> **MEMORANDUM DECISION** |

## INTRODUCTION

The Court has before it defendants' motion to dismiss. The motion is fully briefed and at issue. For the reasons set forth below, the Court will grant the motion.

## FACTS

The relevant facts of this case are not disputed. On March 8, 2011, Danny Summers was piloting an airplane in which Jodi Wyatt was a passenger. The plane crashed, and both Danny and Jodi were killed.[1]

On March 4, 2013, Nicholas Wyatt and Justin Wyatt, Jodi's sons (collectively "Plaintiffs"), brought this wrongful death action against Harvey Bret Summers as the personal representative of Danny's estate and Danny's estate itself (collectively

---

[1] The court uses persons' first names because several family members who share surnames are involved in this suit.

"Defendants"). Plaintiffs alleged Danny's negligent operation of the airplane led to the fatal crash, and claim an amount in controversy in excess of $75,000. Plaintiffs Nicholas and Justin are citizens of Washington and New York respectively. Defendants are citizens of Idaho. Thus, Plaintiffs invoked the court's diversity jurisdiction.

Defendants now move to dismiss Plaintiffs' claim under Rule 12(b)(7). Defendants point out that, in addition to her sons, Jodi is survived by her parents, Loree and Earl Reed Wyatt. Defendants argue that Loree and Earl are indispensable parties to this suit who cannot be joined without destroying the diversity of the parties.

Plaintiffs disagree. They contend that neither Loree nor Earl are necessary or indispensable parties to this suit because (1) the relevant Idaho statute of limitations prevents either from filing suit in their own name and (2) Loree has waived both her and Earl's interest in Plaintiffs' wrongful-death action. Loree claims the authority to act on Earl's behalf because Earl suffered a stroke that Loree believes left Earl unable to act on his own.

## LEGAL STANDARD

Rule 19 governs the compulsory joinder of parties and requires a three step inquiry. "First, the court must determine whether a nonparty should be joined under Rule 19(a)." *EEOC v. Peabody W. Coal Co.*, 610 F.3d 1070, 1078 (9th Cir. 2010) (internal quotation marks omitted). Second, if the nonparty (or "absentee") should be joined, the court must determine if it is feasible to join do so. *Id.* "Finally, if joinder is not feasible, the court must determine at the third stage whether the case can proceed without the

absentee or whether the action must be dismissed." *Id.* (internal quotation marks omitted). This third step is governed by Rule 19(b). Rule 19 and the cases interpreting it counsel the court to answer these questions "from a practical, and not technical, perspective." *Aguilar v. Los Angeles County*, 751 F.2d 1089, 1093 (9th Cir. 1985).

## ANALYSIS

The first issue the Court must examine is whether Earl and Loree should be joined to this case as plaintiffs. An absentee should be joined as a party if "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." *Fed.R.Civ.P. 19(a)(1)(B)*.

Idaho's wrongful-death statute, Idaho Code § 5-311, vests a cause of action in the "heirs or personal representatives" of a decedent whose death was caused by a wrongful or negligent act of another. That action is "one joint and indivisible action in which all the damages for the benefit of all the beneficiaries shall be recovered." *Campbell v. Pac. Fruit Express Co.*, 148 F. Supp. 209, 211 (D. Id. 1957); *see also Castorena v. General Electric*, 238 P.3d 209, 221 (Id.Sup.Ct. 2010) (adopting *Campbell*). Because a decedent's parents qualify as heirs under the statute, see Idaho Code § 5-311(2)(b), Earl's and Loree's interest in Plaintiffs' suit vested at the time of Jodi's death. *Castorena*, 238 P.3d at 220. Thus, as a matter of Idaho law, Plaintiffs' claims cannot proceed without (1)

Earl and Loree being joined as parties or (2) Earl and Loree waiving their interests in Plaintiffs suit. *Id.* at 221.

Loree filed an effective waiver, at least as to her interest. Her affidavit states that "[w]e have no intention of making a claim against the estate of Danny Summers for the death of our daughter and we waive any claim that we may have against the estate of Danny Summers." *See Loree Wyatt Affidavit (Dkt. No. 9)* at ¶ 4.

Earl has not filed a similar affidavit. Loree explains that Earl "has recently suffered a stroke." *Id.* at ¶ 2. She goes on to state that "[a]t this point, I do not believe that he is able to read, understand and sign an affidavit. I am therefore making this affidavit on my behalf and on behalf of Earl Reed Wyatt." *Id.*

Plaintiffs allege that Loree's waiver is valid for both Loree and Earl. But there is nothing in the record indicating that Loree has any authority to waive Earl's rights. For example, Plaintiffs do not allege that Loree is acting pursuant to a power of attorney or guardianship appointment.

Plaintiffs respond that Earl and Loree no longer have a claim because the two-year statute of limitations has expired. But that limitations period may be tolled due to Earl's stroke. S*ee* Idaho Code § 5-230 (tolling for up to six years the statute of limitations due to "legal disability"). Regardless, this Court cannot finally determine that any claim possessed by Earl and Loree is time-barred until the Court has jurisdiction over them, and lacking jurisdiction, the Court cannot make findings that destroy their rights. *See Sansom*

*Committee by Cook v. Lynn,* 735 F.2d 1535, 1548 (7th Cir. 1984) (holding that "a court has no jurisdiction to determine the rights of nonparties to the litigation").

Plaintiffs argue, however, that the Idaho Supreme Court did that very thing in *Whitley v. Spokane & I. RY. Co.*, 132 P. 121 (Idaho 1913). In *Whitley*, the deceased was killed while riding the defendant's train. The deceased's mother sued the railroad, alleging that its negligence killed her son. The railroad countered that the mother had failed to join the deceased's wife, who was an indispensable party. The Idaho Supreme Court rejected that argument, explaining that the widow had filed an earlier lawsuit that was resolved when she received a settlement payment of $11,000 from the railroad, and that she therefore had no further claim.

The Plaintiffs cite *Whitley* in support of their argument that this Court can adjudicate and reject the rights of Earl, even in his absence. But *Whitley* did not adjudicate the rights of the absent widow – it simply recognized a final settlement. In contrast, this Court would have to adjudicate the rights of an absent Earl: The Court would need to (1) find that the limitations period had run; (2) conduct a factual inquiry into whether the limitations period was tolled for any reason; and (3) ultimately strip Earl of any right to make a claim. And this adjudication would occur in Earl's absence.

Plaintiffs stretch *Whitley* far beyond its bounds. In urging this Court to take away the rights of an absent party, the Plaintiffs seek a result directly contrary to the Supreme Court's direction that in resolving disputes under Rule 19, "a court . . . should, on its own

initiative, take steps to protect the absent party . . . ." *See Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 111 (1968).

To fully protect his interests, Earl should be joined as a party. It is undisputed, however, that Earl cannot be joined because doing so would destroy the diversity of the parties. Thus, the question becomes whether this case should proceed in Earl's absence.

Rule 19(b) instructs a court to consider "whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." It lists four factors that must be considered:

(1) The extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;

(2) The extent to which any prejudice could be lessened or avoided;

(3) Whether a judgment rendered in the person's absence would be adequate; and

(4) Whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

*Id.*

The first and second factors suggest that this case should not proceed in Earl's absence. As explained above, all of Jodi's heirs share "one joint and indivisible action." *Campbell*, 148 F. Supp. at 211. Litigating this suit in Earl's absence would, therefore, determine his rights. Because Earl's "interest of such a nature that a final decree cannot be made without . . . affecting that interest," he is fairly categorized as "[a] nonparty in whose absence an action must be dismissed." *Peabody*, 610 F.3d at 1078.

The third and fourth factors also favor dismissal. The Idaho courts provide Plaintiffs with an adequate forum in the case of dismissal, and Plaintiffs have filed an identical action there. Moreover, the state court can fully adjudicate the questions identified above that this Court cannot. Thus, dismissing this case would account for "the interest of the courts and the public in complete, consistent, and efficient settlement of controversies." *Provident*, 390 U.S. at 111.

After balancing the relevant factors, the court is convinced that this case should not proceed in Earl's absence. Therefore, the Defendant's motion to dismiss is granted. The Court will enter a separate Judgment as required by Rule 58(a).

DATED: March 24, 2014

_____
B. Lynn Winmill
Chief Judge
United States District Court